CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 11 2007

JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CYNTHIA U. REID, | )<br>) Civil Action No. 7:07CV00232 |
| Plaintiff, | )<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | )<br>) By: Honorable Glen E. Conrad<br>) United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Cynthia U. Reid, was born on March 16, 1957, and eventually completed her high school education. Mrs. Reid has worked as a sewing machine operator, furniture assembler, and machine operator. She last worked on a regular and sustained basis in 2003. On May 24, 2004, Mrs. Reid filed an application for a period of disability and disability insurance benefits. Several days later, she filed an application for supplemental security income benefits. In filing her applications, plaintiff alleged that she became disabled for all forms of substantial gainful employment on October 15, 2003 due to osteoarthritis in the knees, back, and left shoulder; acid reflux disease; kidney stones; high blood pressure; tendonitis of the elbows and wrists; bad asthma;

obesity; numbness; and allergies. Sometime later, plaintiff amended her applications so as to reflect an alleged disability onset date of February 12, 2004. Mrs. Reid now maintains that she has remained disabled to the present time. As to her application for disability insurance benefits, the record reveals that plaintiff met the insured status requirements of the Act at all relevant times. See gen., 42 U.S.C. § 423.

Mrs. Reid's applications were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated March 31, 2006, the Law Judge also found that Mrs. Reid is not disabled. The Law Judge held that plaintiff suffers severe impairments including obesity, bad knees, and chronic obstructive pulmonary disease on the basis of asthma, allergies, and bronchospasm. Because of these conditions, the Law Judge ruled that plaintiff is disabled for all of her past relevant work roles. However, the Law Judge determined that plaintiff retains sufficient functional capacity for a limited range of sedentary exertion. More specifically, the Law Judge assessed Mrs. Reid's residual functional capacity as follows:

> After careful consideration of the entire record, the Administrative Law Judge finds that the claimant has the residual functional capacity to perform sedentary work requiring lifting up to ten pounds occasionally and five pounds frequently, standing and/or walking up to six hours in an eight-hour workday, and sitting up to six hours in an eight-hour workday where she can rise and stretch a bit at times, and with little social interaction. (TR. 17).

Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge found that Mrs. Reid retains sufficient functional capacity to perform several specific sedentary work roles existing in significant number in the national economy.[1] Accordingly, the Law Judge ultimately concluded that

---

[1] The Law Judge found that plaintiff retains sufficient functional capacity to work as an office clerk or assembler. At the time of oral argument in this case, the Commissioner conceded that the job of office clerk is considered to be "light" in exertional requirements.

2

Mrs. Reid is not disabled, and that she is not entitled to benefits under either federal program. See 20 C.F.R. §§ 404.1520(g) and 416.920(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Reid has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. As noted above, the Administrative Law Judge decided this case at the fifth and final stage of the sequential disability analysis set forth under 20 C.F.R. §§ 404.1520 and 416.920. Having found Mrs. Reid disabled for past relevant work, the Law Judge relied on testimony of a vocational expert in assessing plaintiff's capacity to perform alternate work roles, given her particular combination of age, education, and prior work experience, and considering the residual functional capacity limitations as found by the Law Judge. Unfortunately, the hypothetical question put to the vocational expert did not accurately reflect the residual functional capacity eventually found to exist by the Law Judge. In such circumstances, the court is constrained to conclude that there is "good cause" for remand of the case to the Commissioner for further development and consideration.

3

The transcript of the administrative hearing reveals the following exchange between the Administrative Law Judge and the vocational expert:

> Q [ALJ]: (Inaudible) an sedentary work in her age bracket where interpersonal skills should be limited, let me rephrase that in a personal (inaudible). The need for frequent social interchanges aren't necessary, would there be a significant number of jobs she could perform?
>
> A [VE]: Yes, sir, there are jobs that she could do that would not require that she talk with other people for extensive periods of time. Of course, anytime you work in an office there's some communication, but it would not necessarily indicate a lot of work. There are, for example, a general office clerk, there are some 86,000 of those jobs in the national economy, some 2,400 of those within the region, the region being West Virginia and Virginia. There are jobs such as assembly positions, there are some 58,000 of those jobs nationally, some 1,700 plus within the region, are examples of jobs that she can do that does not really require a great deal of social contact. (TR. 59).

As previously noted, the Administrative Law Judge found that Mrs. Reid retains sufficient functional capacity for less than a full range of sedentary work activity. In essence, the Law Judge found that plaintiff is unable to sit on a sustained basis, and that it is necessary that she stand and stretch during the course of a work day. The hypothetical question put to the vocational expert did not account for the need of a "sit/stand option." Thus, the court finds it undisputed that the hypothetical question put to the vocational expert in this case was incomplete.[2]

In Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989), the United States Court of Appeals for the Fourth Circuit commented as follows:

> The purpose of bringing in a vocational expert is to assist the ALJ in determining whether there is work available in the national economy which this particular

---

[2] In fairness to the Administrative Law Judge, the court recognizes that the transcript of the administrative hearing indicates that some portions of the Law Judge's hypothetical question could not be transcribed. It is possible that the Law Judge asked the vocational expert to consider the need for a sit/stand option, though the vocational expert's response does not necessarily indicate that this was the case. In any event, inasmuch as it is unclear exactly what question was put to the vocational expert, the court is unable to determine that the Law Judge's questioning of the vocational expert was consistent with the facts of Mrs. Reid's case.

4

claimant can perform. In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments. (citations omitted).

Inasmuch as the hypothetical question to the vocational expert in this case did not include all of the exertional and nonexertional limitations ultimately found to exist by the Administrative Law Judge, the court must conclude that the Law Judge's reliance on the vocational expert's testimony in finding residual functional capacity for alternate work roles is not supported by substantial evidence. The court believes that it is necessary to remand this case so that proper and comprehensive hypothetical questions can be put to a qualified vocational expert. It can then be determined whether plaintiff can perform alternate work roles existing at the sedentary level, given her particular combination of exertional and nonexertional limitations, as well as her age, education, and past work experience. See gen., 20 C.F.R. §§ 404.1520(g) and 416.920(g).

For the reasons stated, the court finds that plaintiff has established "good cause" for remand of her case to the Commissioner for further development and consideration. See 42 U.S.C. § 405(g). An appropriate order of remand will be entered this day. Upon remand, the Commissioner shall conduct a new administrative hearing at which both sides will be allowed to present additional evidence and argument.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 11th day of October, 2007.

_____
United States District Judge